Opinion filed May 25, 2017



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00309-CR
_____

## JOSEPH JOE SIEDL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 18101B**

## M E M O R A N D U M   O P I N I O N

Appellant, Joseph Joe Siedl, pleaded guilty to the offense of engaging in organized criminal activity. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for five years. The State subsequently filed a motion to revoke Appellant's community supervision and proceed with an adjudication of guilt. After a hearing on the motion, which coincided with a criminal trial upon which one of the allegations was based,

the trial court found the allegations in the motion to adjudicate to be true, adjudicated Appellant guilty of the offense of engaging in organized criminal activity, and assessed his punishment at confinement for ten years. We modify the judgment and dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that there are no arguable issues for appeal. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the "court record," and a form motion for pro se access to the appellate record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief.[1] Appellant has not filed a response to counsel's brief, nor has he filed in this court the motion for pro se access to the record.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to

---

[1]This court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief.

support revocation and to proceed with an adjudication of guilt. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). The record from the adjudication hearing shows that the State presented testimony about the violations by Appellant of the terms and conditions of his community supervision as alleged in the State's motion to adjudicate. *See id.* Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We note, however, that the judgment contains a nonreversible error. There is a variation between the oral pronouncement of sentence and the written judgment of adjudication. The judgment includes a fine of $295. When the trial court adjudicated Appellant's guilt, assessed his punishment, and orally pronounced the sentence in open court, the trial court did not mention a fine. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2016); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial court did not mention any fine when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment to delete the fine. *See Taylor*, 131 S.W.3d at 502; *Cerna v. State*, No. 11-14-00362-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (mem. op., not designated for publication). Other than the necessary reformation of the judgment, we agree with counsel that this appeal is frivolous and without merit.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

We modify the judgment to delete the $295 fine. Finding that the appeal is otherwise meritless, we grant counsel's motion to withdraw and dismiss the appeal.

PER CURIAM

May 25, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4